IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 69239-9-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| GARY SHAWN MOBLEY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: January 21, 2014 |
| | ) | |

2014 JAN 21 AM 9: 04

COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED

BECKER, J. — Appellant Gary Mobley stipulated to "an exceptional sentence of at least 93 months" as part of a plea to vehicular assault. The court imposed a sentence of 108 months. The court found there were substantial and compelling reasons to impose an exceptional sentence, including not only Mobley's stipulation but also the fact that the victims were particularly vulnerable. Mobley contends that the finding of particular vulnerability is unsupported by the record. He asks that the sentence be remanded for the court to determine whether, without that finding, a shorter sentence is warranted. We conclude the record supports the court's finding and there is no basis for a remand.

The event giving rise to this sentencing appeal occurred on Orcas Island in February 2012. Mobley was angry with a girl friend. The girl friend was trying to leave the island in a sport utility vehicle with two other people. Mobley, driving

his car, intercepted the other vehicle at an intersection, blocked it, and rammed it. When the driver, Aaron Stewart, drove around Mobley's car and tried to get away, Mobley gave chase at high speeds and rammed the rear end of Stewart's vehicle several times. The occupants feared Mobley was trying to kill them. When Stewart slowed to turn onto a road leading to the sheriff's office, Mobley again purposefully rammed into the vehicle, causing it to roll over.

The State initially charged Mobley with four felonies and one count of reckless driving for this incident. Mobley pleaded guilty in June 2012 to an amended information that reduced the felony charges for this incident from four to two. The plea also resolved another charge of vehicular assault arising from an incident a few months earlier.

As part of the guilty plea, Mobley agreed that an exceptional sentence was appropriate for count 2, the count of vehicular assault involving Aaron Stewart. Stewart suffered very serious injuries in the crash, and Mobley was not carrying insurance. The standard range was 15 to 20 months. The maximum sentence authorized by statute for vehicular assault is 120 months. It was agreed that Mobley would ask the court to impose an exceptional sentence "of at least 93 months" for count 2, and the State would ask the court to impose an exceptional sentence of 108 months. The State agreed to recommend standard range sentences for the other felony counts.

The trial court accepted the State's recommendation and imposed an exceptional sentence of 108 months for count 2. The court made findings identifying the factors supporting the exceptional sentence that the court found to

be substantial and compelling. These included Mobley's stipulation that an exceptional sentence was appropriate. The court noted that a stipulation "is in itself an independent basis for an exceptional sentence."

The court went on to identify other reasons, apart from the stipulation, in support of the exceptional sentence. These included Stewart's paralyzing injuries, which will disable him for life and were far greater than necessary to satisfy the element of bodily harm required to establish vehicular assault. The court also included Mobley's lack of insurance on his car and the particular vulnerability of the occupants of Stewart's vehicle.

Mobley requests reversal of the exceptional sentence. He argues that the trial court erred as a matter of law in finding that the occupants of Stewart's vehicle were particularly vulnerable. He acknowledges that while he agreed to *an* exceptional sentence of at least 93 months, it is unclear that the court would again impose *this* exceptional sentence of 108 months if the finding of particular vulnerability were reversed. See State v. Cardenas, 129 Wn.2d 1, 12, 914 P.2d 57 (1996).

A sentencing court may impose a sentence outside the standard sentence range for an offense "if it finds, considering the purpose of this chapter, that there are substantial and compelling reasons justifying an exceptional sentence." RCW 9.94A.535. "If the sentencing court finds that an exceptional sentence outside the standard sentence range should be imposed, the sentence is subject to review only as provided for in RCW 9.94A.585(4)." RCW 9.94A.535.

3

"To reverse a sentence which is outside the standard sentence range, the reviewing court must find: (a) Either that the reasons supplied by the sentencing court are not supported by the record which was before the judge or that those reasons do not justify a sentence outside the standard sentence range for that offense; or (b) that the sentence imposed was clearly excessive or clearly too lenient." RCW 9.94A.585(4).

We find that the reasons stated by the sentencing court are supported by the record. Mobley stipulated to an exceptional sentence; he caused extraordinary injury to Aaron Stewart; he did not have insurance; and Stewart and his passengers were particularly vulnerable, given the way the accident occurred.

Mobley cites cases like Cardenas, where pedestrians or cyclists were found to be particularly vulnerable victims of vehicular assault. He argues that as a matter of law, victims of vehicular assault cannot be particularly vulnerable if they were inside a car when the assault occurred. This argument is not persuasive. The cases Mobley cites turn on their own facts. This case also turns on its own facts. The trial court found the aggravating factor of particular vulnerability based on the evidence that Mobley, by chasing the other vehicle at high speed and ramming it repeatedly, put the occupants in a position where there was no way to escape. In so doing, Mobley made the occupants particularly vulnerable to his attack, as much as if they were pedestrians. This was substantial evidence to support the finding.

The finding of particular vulnerability is supported by the record, and Mobley makes no argument that 108 months was clearly excessive. Mobley has not established a basis for reversal of his sentence under RCW 9.94A.585(4).

Affirmed.

Becker, J.

WE CONCUR: